# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ROGER J. SPENCER,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0017** (BOR Appeal No. 2046087)
(Claim No. 960053955)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**HOBET MINING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Roger J. Spencer, by Steven M. Thorne, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jack M. Rife, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 7, 2011, in which the Board affirmed a June 17, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 25, 2011, Order denying authorization for Fentanyl Transdermal Patches. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Spencer sustained a compensable lumbosacral strain on June 3, 1996, while working for Hobet Mining, Inc. On January 20, 2011, Mr. Spencer requested authorization for Fentanyl

1

Transdermal Patches. On January 25, 2011, the claims administrator denied authorization pursuant to West Virginia Code of State Rules § 85-20-53.14 (a) (2006).

The Office of Judges determined that the preponderance of the evidence established that Fentanyl Transdermal Patches are not medically necessary and reasonably required in the course of treatment for Mr. Spencer's compensable injury. Mr. Spencer appealed and argues that the preponderance of the evidence shows that his case is extraordinary and that Fentanyl Transdermal Patches are reasonably necessary as medical treatment for his compensable injury. The West Virginia Office of Insurance Commissioner argues that the medical evidence failed to establish that Mr. Spencer was entitled to authorization for the controlled substance. On January 20, 2011, Dr. Deer submitted a one page handwritten request for authorization for Fentanyl Transdermal Patches. The request contained no details or explanation as to why a Schedule II medication was being requested.

The Office of Judges found that Dr. Deer's request and the medical records from the Center for Pain Control do not provide the documentation necessary for authorization of Fentanyl Transdermal Patches, nearly fifteen years after the compensable injury occurred. The Office of Judges noted that Dr. Deer's request dated January of 2011 for authorization for Fentanyl Transdermal Patches consisted of a one page handwritten form request and contained no explanation for the request. The Office of Judges further noted that the only evidence Mr. Spencer submitted was treatment records from The Center for Pain Relief for treatment of numerous conditions. The Office of Judges found it unclear which of the conditions and treatments referred to in these records have been authorized under the instant claim. The Office of Judges noted the records submitted by The Center for Pain Relief were no different from April 17, 2002, to June 14, 2007, than those that were reviewed during the litigation of the claims administrator's April 23, 2007, Order, which previously denied Duragesic and Oxycodone. The Office of Judges determined that the preponderance of the evidence established that Fentanyl is not medically necessary and reasonably required in the course of treatment for Mr. Spencer's compensable injury. The Board of Review reached the same reasoned conclusions. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II